NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAMAR MYERS, | : | Civil Action No. 12-7095 (PGS) |
| Plaintiff, | : | |
| v. | : | **MEMORANDIM OPINION AND ORDER** |
| ALFRED FEDERICO et al., | : | |
| Defendants. | : | |

It appearing that:

    1. On November 15, 2012, Plaintiff Jamar Myers ("Plaintiff") submitted for filing a civil complaint. See Docket Entry No. 1. The Clerk, therefore, commenced the instant matter by docketing the complaint. In conjunction with foregoing, the Clerk mailed to Plaintiff a copy of the docket sheet. See Docket Entry No. 2. That mailing was returned as undeliverable. See id, Correspondingly, this Court directed administrative termination of this matter, pursuant to Local Civil Rule 10.1(a). See Docket Entry No. 3. The Court's order stated that this matter would be restored to the Court's active docket if Plaintiff timely informed the Court of his new address. See id. at 1-2. On December 18, 2012, Plaintiff submitted a statement informing the Court of his current address. See Docket Entry No. 4. That submission indicated that Plaintiff is confined in connection with being criminally prosecuted in the state courts. See id. Plaintiff also submitted: (a) a motion requesting service of his complaint upon Defendants; and (b) an application seeking to proceed in this matter in forma pauperis. See Docket Entries Nos. 6, 7. That application was limited to a cover letter and an accompanying affidavit of poverty. See Docket Entry No. 1-2.

2. The Clerk will not file a civil rights complaint unless the person seeking relief pays the entire applicable filing fee in advance or the person applies for and is granted in forma pauperis, status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f). The filing fee for a civil rights complaint is $350.00. See 28 U.S.C. § 1914(a). If a prisoner seeks permission to file a civil rights complaint in forma pauperis, the Prison Litigation Reform Act ("PLRA") requires the prisoner to file an affidavit of poverty and **a certified prison account statement for the six-month period immediately preceding the filing of the complaint**. See 28 U.S.C. § 1915(a)(2). The PLRA further provides that, if the prisoner is granted permission to file the complaint in forma pauperis, then the Court is required to assess the $350.00 filing fee against the prisoner and collect the fee by directing the agency having custody of the prisoner to deduct installment payments from the prisoner's prison account equal to 20% of the preceding month's income credited to the account for each month that the balance of the account exceeds $10.00. See 28 U.S.C. § 1915(b). In addition, if the prisoner is granted permission to proceed in forma pauperis, then the PLRA requires this Court to screen the complaint for dismissal and to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an defendant who is immune from such relief. The PLRA further provides that, if a prisoner has, on three or more occasions while incarcerated, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from immune defendants, then the prisoner may not bring another action in forma pauperis unless he or she is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

3. Plaintiff is a prisoner. See Docket Entry No. 4. He did not prepay his filing fee, and he failed to submit his complete in forma pauperis application: his latest application consists of only his affidavit of poverty, which is unaccompanied by his certified prison account statement.[1] Plaintiff's complaint asserts challenges which he qualifies as denial-of-access claims.[2] However, the gist of his challenges seemingly attacks his criminal proceeding itself, since Plaintiff claims being denied speedy resolution of his criminal proceedings. See Docket Entry No. 1. Plaintiff seeks injunctive relief in the form of this Court's order mandating the state court Clerk's Office staff to file Plaintiff's pro se motions; in addition, he seeks compensatory and punitive damages.[3] See id. at 10-11. No statement in the complaint indicates that Plaintiff is in danger of imminent physical injury warranting grant of conditional in forma pauperis status.

IT IS THEREFORE on this 7th day of February, 2013,

ORDERED that the Clerk shall reopen this matter by making a new and separate entry on the docket reading, "CIVIL CASE REOPENED"; and it is further

---

[1] Plaintiff's initial submission had an uncertified prison account statement covering the period from March 1, 2012, to September 14, 2012. See Docket Entry No. 1-1, at 9. However, that prison account statement was insufficient even for the purposes of the original submission which was received on November 15, 2012, see Docket Entry No. 1, and executed on November 13, 2012. See id. at 27. For the purposes of that November submission, Plaintiff was obligated to furnish a certified prison account statement covering the period from May to November 2012.

[2] Plaintiff maintains that the Clerk's Office staff of the state courts deny him access to the courts by refusing to file Plaintiff's numerous pro se motions seemingly aiming to challenge his currently ongoing criminal proceedings. See Docket Entry No. 1.

[3] Plaintiff seeks compensatory damages in the amount of $40,000 from each Defendant. See Docket Entry No. 1, at 11. Since the mode of Plaintiff's calculation of damages in neither detailed in his complaint not immediately obvious to this Court, the Court presumes, without making a factual finding to that effect, that Plaintiff is seeking compensatory and punitive damages.

ORDERED that Plaintiff's application to proceed <u>in forma pauperis</u>, Docket Entry No. 6, is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk shall administratively terminate this action without filing the Complaint or assessing a filing fee; and it is further

ORDERED that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if this § 1983 case is reopened pursuant to the terms of this Order, it is not thereby subject to the statute of limitations bar, provided the original Complaint was timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266 (1988); <u>McDowell v. Delaware State Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>Williams-Guice v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that Plaintiff may have the above entitled case reopened if, within 30 days of the date of the entry of this Order, Plaintiff either pre-pays the $350.00 filing fee or files with the Clerk Plaintiff's **certified prison account statement for the six-month period** (which period should be either immediately preceding the November 2012 submission of his complaint or immediately preceding the filing of that certified prison account statement), as required by 28 U.S.C. § 1915(a); and it is further

ORDERED that, in the event Plaintiff timely prepays his $350.00 filing fee or submits his certified prison account statement, the Court will enter an order directing the Clerk to reopen this matter; and it is further

ORDERED that, in the event Plaintiff timely prepays his $350.00 filing fee or submits his certified prison account statement, Plaintiff shall accompany that submission by his amended complaint detailing the exact nature of Plaintiff's claims, the bases for the damages he is seeking

and, in addition, clarifying whether he is being represented by counsel in his criminal proceedings underlying the challenges asserted in the complaint;[4] and it is further

ORDERED that the Clerk shall serve this Order upon Plaintiff by regular U.S. mail, together with a blank in forma pauperis application for incarcerated individuals seeking to file a civil complaint and, in addition, with a blank civil complaint form; and it is further

ORDERED that Plaintiff's motion, Docket Entry No. 7, seeking service of his complaint upon Defendants is DENIED WITHOUT PREJUDICE, as premature at this juncture, since: (a) Plaintiff's complaint, while received, has not been properly filed and would not be so filed until Plaintiff prepays his $350.00 filing fee or is granted in forma pauperis status; (b) Plaintiff's complaint is ambiguous as to the nature of his challenges and omits stating the relevant facts enabling this Court's review; and (c) pursuant to the PLRA, this Court shall not direct service upon Defendants until and unless the Court screens the amended complaint for sua sponte dismissal and establishes that Plaintiff's challenges raise claim(s) that are neither frivolous nor malicious, nor seeks monetary relief from a Defendant immune from such suit, and that these challenges do state a claim upon which relief can be granted; and it is finally

---

[4] The fact of whether Plaintiff is represented by counsel in his state-court criminal proceedings appears necessary for the purposes of this Court's assessment of Plaintiff's claims. A "[c]ourt has the authority to issue limitations on pro se filings submitted while the party is represented by counsel.  Here, [the court] enjoined [a represented litigant's] pro se filings, but to no avail. To the extent that the . . . [c]ourt must take additional steps to effectuate its injunction, we encourage it to do so." United States v. D'Amario, 328 F. App'x 763, 764 (3d Cir. 2009) (citing United States v. Vampire Nation, 451 F.3d 189, 206 n.17 (3d Cir. 2006), and United States v. Essig, 10 F.3d 968, 973 (3d Cir. 1993) (observing that a court is not required to review a counseled defendant's pro se arguments; "[i]ssues that counseled parties attempt to raise pro se need not be considered except on a direct appeal in which counsel has filed a brief falling within the reach of Anders v. California, 386 U.S. 738 (1967)")).

ORDERED that the Clerk shall close the file in this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED."

<u>s/Peter G. Sheridan</u><br>PETER G. SHERIDAN, U.S.D.J.

February 7, 2013